UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH DARDAR,** | * | **CASE NO.** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **AMERICAN BANKERS** | * | |
| **INSURANCE COMPANY OF** | * | **MAGISTRATE** |
| **FLORIDA,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## NOTICE OF REMOVAL

Defendant, American Bankers Insurance Company of Florida ("American Bankers"), appearing through undersigned counsel with a full reservation of rights, files this notice of removal of the above captioned action to the United States District Court for the Eastern District of Louisiana, from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, where said action is now pending, as provided by Title 28 U.S.C. § 1441, *et seq.*, and respectfully shows the following:

1.

On or about August 28, 2023, plaintiff, Joseph Dardar filed this action in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, entitled "*Joseph Dardar v. American Bankers Insurance Company of Florida*," (the "Petition") bearing Docket Number 01979474. (A copy of the Petition is attached hereto in accordance with 28 U.S.C. § 1446(a) as Exhibit "1.").

2.

American Bankers is the only named defendant; and the Petition was submitted for service by the Louisiana Secretary of State on October 12, 2023. *See* Exhibit "2." Thus, this Notice of Removal of the case to the United States District Court is timely filed, it being filed no more than thirty (30) days after service of the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

3.

This Court has original jurisdiction over this matter under 28 U.S.C. § 1332, as this is a civil action between citizens of different states and the matter in controversy, on information and belief, exceeds $75,000.00, exclusive of interest and costs.

4.

Plaintiff, Joseph Dardar, is a natural person of the full age of majority and is domiciled in Terrebonne Parish, Louisiana, making him a Louisiana citizen. *See* Exhibit 1, Petition, First Unnumbered Paragraph. American Bankers is a Florida corporation with a principal place of business in Florida. Accordingly, there is complete diversity between the parties.

5.

Further, the matter in controversy, on information and belief, exceeds $75,000.00, exclusive of interest and costs. In the Petition, Plaintiff alleges that American Bankers provided a policy of insurance to Plaintiff for the property located at 163 American Blvd., Houma, LA 70363 (the "Property"). *See* Exhibit "1," Petition, ¶ 5-6. Plaintiff further alleges that the Property sustained significant wind and wind-driven rain damage due to Hurricane Ida. *Id.*, ¶ 7-8. Plaintiff

further alleges that the payments made by American Bankers to Plaintiff are woefully inadequate to cover the costs to repair Plaintiff's property. *Id.*, ¶ 15.

6.

The dwelling limit on the policy purchased by Plaintiff on the subject property is $44,967.00; coverage for other structures is $800.00; and personal property coverage is $8,800.00; further, loss settlement is a replacement cost value settlement. *See* Exhibit "3," Certified Policy Declarations, p. 1.

7.

Plaintiff further alleges that American Bankers' failure to timely and adequately compensate Plaintiff for its losses under the policy was arbitrary, capricious, and without probable cause, entitling Plaintiff to penalties, including fifty percent damages, interest, and attorneys' fees under La. R.S. § 22:1892 and/or damages sustained because of the breach, two times actual damages sustained, and attorneys' fees under La. R.S. § 22:1973. *See* Exhibit "1," Petition, ¶ 18-22.

8.

Because the Petition seeks recovery of penalties and attorney's fees, they must be considered as part of the amount in controversy. *Buras v. Birmingham*, 327 F.2d 238 (5th Cir. 1964); *Cupples v. Farmers*, 390 F.2d 184 (5th Cir. 1968). Plaintiff's claim for consequential damages—including increased repair costs, diminution in value, additional living expenses, and emotional distress—is also to be included in the calculation. *See Boyer*, 2010 WL653555, at *1. Notably, Louisiana courts have awarded $50,000.00 or more in damages for emotional distress alone. *See Craighead v. Preferred Risk Mut. Ins. Co.*, 33,731, p. 15 (La. App. 2Cir. 8/25/00); 769

So. 2d 112, 122–23, *writ denied*, 2000-2946 (La. 12/15/00); 777 So. 2d 1230; *see also Maldonado v. Kiewit L.A. Co.*, 2012-1868, p. 44 (La. App. 1 Cir. 5/30/14); 152 So. 3d 909, p. 4940, *writ denied*, 2014-2246 (La. 1/16/15); 157 So. 3d 1129; *Monk v. State ex rel. DOTD*, 2005-97, p. 12 (La. App. 3 Cir. 6/29/05); 908 So. 2d 688, 697 (affirmed awarding damages of $75,000 for emotional distress). Further, Plaintiff has not submitted a binding stipulation stating that she will not accept damages more than the jurisdictional amount. *See Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Accordingly, it is apparent from both the Petition and the facts of this case that the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.

Thus, this Court has original jurisdiction over this action, and this case may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the captioned matter is a "civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

10.

American Bankers has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record and has also provided notice to the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action. (The Notice of Filing of Notice of Removal is attached hereto as Exhibit "4").

WHEREFORE, defendant, American Bankers Insurance Company of Florida, prays that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY:      */s/ Mark W. Frilot*
    MARK W. FRILOT (#27470)
    MATTHEW A. WOOLF (#27146)
    TESSA P. VORHABEN (#31293)
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana 70170
    Telephone: (504) 566-5200
    Facsimile: (504) 636-4000
    Email   mfrilot@bakerdonelson.com
           mwoolf@bakerdonelson.com
           tvorhaben@bakerdonelson.com

**ATTORNEYS FOR AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 10th day of November, 2023, a true and correct copy of the foregoing pleading has been served on all counsel of record via electronic mail or U.S. Mail, properly addressed and first-class postage prepaid.

   */s/ Mark W. Frilot*
   MARK W. FRILOT